1
2
3
4
5
6
7
8
9
10
11

## UNITED STATES DISTRICT COURT

12

## SOUTHERN DISTRICT OF CALIFORNIA

13

STEPHANIE HIRMEZ, Individually
and on Behalf of All Others Similarly
Situated,

14

15

Plaintiff,

16

vs.

17

GNC HOLDINGS, INC., et al.,

18

Defendants.

CASE NO. 13-cv-1828 BEN (JMA)

ORDER GRANTING MOTION TO
DISMISS WITH LEAVE TO AMEND

19
20

Now before the Court is Defendants' Motion to Dismiss the Complaint.  For

21

the reasons stated below, the motion is granted.

## BACKGROUND

22
23

According to the Complaint, Plaintiff is a California resident who purchased a

health food product at a Defendant retail store in California some time in May 2013.

24

The product was GNC Pro Performance Rapid Drive Arginine 5000.  Plaintiff

25

alleges that Defendants made "false, fraudulent, misleading, unfair and deceptive

26

claims" about the effects on human health of the L-Arginine in the product.

27
28

The Complaint asserts against all Defendants a putative class action on behalf

of all individuals who purchased the product from the Defendants.  The Complaint

sets out four claims for relief under California state law: (1) violation of the California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) violation of the California's Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750 *et seq.*; (3) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; and (4) breach of express warranty. The Defendants argue that the Complaint should be dismissed because Plaintiff lacks standing and fails to state claims upon which relief can be granted.

## DISCUSSION

The Complaint fails to allege a case over which this court has jurisdiction. Plaintiff alleges that this Court has diversity jurisdiction over this proposed class action pursuant to the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d). CAFA vests district courts with original jurisdiction of any civil action in which the amount in controversy exceeds the sum or value of $5,000,000 and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013). "The burden of persuasion for establishing diversity jurisdiction . . . [rests] on the party asserting it. When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) (internal citations omitted). A putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

To establish subject matter jurisdiction, plaintiffs "may rely on calculations to satisfy their burden so long as their calculations are good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pac. Bell Tel. Co.*,

No. SACV 10-01141, 2011 U.S. Dist. LEXIS 16045, 2011 WL 499390, at *2 (C.D. Cal. Feb. 10, 2011).  However, "a plaintiff must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum."  *Baxter v. Rodale, Inc.*, No. CV 12-00585, 2012 U.S. Dist. LEXIS 59571, 2012 WL 1267880, at *1 (C.D. Cal. Apr. 12, 2012) (internal quotation marks omitted).  Conclusory allegations devoid of factual support are insufficient.  *See*, *e.g.*, *Lowdermilk*, 479 F.3d at 1002; *Melvin v. Blue Diamond Growers*, No. SACV 13-1746, 2013 U.S. Dist. LEXIS 184980, 2013 WL 7137775, at *1-2 (C.D. Cal. Dec. 23, 2013); *Baxter*, 2012 U.S. Dist. LEXIS 59571, 2012 WL 1267880, at *1-2.

First, Plaintiff fails to allege minimal diversity.  The Complaint alleges Plaintiff's residency, but not her citizenship.  Compl. ¶18 ("Hirmez is a resident of the County of San Diego, State of California."). This is a fatal flaw by itself, if not corrected.  Second, while Plaintiff alleges she purchased GNC Pro Performance Rapid Drive Arginine 5000, she does not specify the day of her purchase, the price of the product, nor how much she paid.[1]  She provides no sales receipt from the purchase.

In order to establish that the aggregate amount in controversy exceeds the jurisdictional minimum of $5,000,000, more is required.  The only suggestion of the amount in controversy comes from a web page screen shot dated August 6, 2013 and attached to the Complaint as Exhibit "A".  Plaintiff's Complaint does not explain the significance of the exhibit.  Even if one assumed its significance to be evidence of the price of GNC Pro Performance Rapid Drive Arginine 5000, the screen shot

---

[1]This allegation, lacking in specifics as it does, may be insufficient to set forth Plaintiff's Article III standing which requires a specific injury-in-fact.  In the Ninth Circuit, it has been said that "no class may be certified that contains members lacking Article III standing."  *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 594 (9th Cir. 2012) (citation omitted).  Whether Plaintiff has Article III standing is left for another day in view of Plaintiff's failure to establish federal diversity jurisdiction under CAFA.  *See also Waller, Jr. v. Hewlett-Packard Co.*, 295 F.R.D. 472 (S.D. Cal. 2013) (Burns, J.) (discussing whether putative class members must demonstrate Article III injury-in-fact for a class action California Unfair Competition Law claim under the reasoning of *Mazza*).

reflects two prices: $39.99 and $23.97.  Assuming the truth of the Complaint's allegations that the product is actually worthless (Compl. ¶59), Plaintiff's own damages do not meet the jurisdictional threshold.

Courts are instructed to look beyond the complaint to determine whether the putative class action meets the jurisdictional requirements.  *AT&T Mobility Servs. LLC*, 728 F.3d at 981 (citing *Standard Fire Ins.*, 133 S. Ct. at 1350).  Even assuming the truth of the Complaint's allegations as to the size of the class, the damages here may not meet the jurisdictional threshold.  *See* Compl. ¶64 ("The Classes are composed of *thousands* of persons geographically dispersed.") (emphasis added).  The Complaint does not allege how many *thousands* of putative class members exist.[2]  If each person paid $39.99 for the allegedly  worthless product, and there were more than one thousand – say, two thousand – class members, the aggregate amount in controversy would be only $79,980.  If each person paid $39.99 for a worthless product, and there were nine thousand class members, the aggregate amount in controversy would be only $359,910 – still well below the jurisdictional minimum of $5,000,000.  Of course, the actual aggregate amount could be more or less.  The problem is that it is up to the plaintiff (as the party seeking the federal forum) to set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum.  *AT&T Mobility Servs. LLC*, 728 F.3d at 978.  Plaintiff has not met her burden in this case.

These allegations are conclusory and devoid of factual support.  It cannot be determined with any confidence that based on the allegations, Plaintiff case exceeds the $5,000,000 amount in controversy jurisdictional threshold.  Accordingly, Plaintiff has failed to show that the amount in controversy exceeds $5,000,000, as required for this Court to have jurisdiction pursuant to CAFA.  As this issue is dispositive, the parties' remaining arguments will not be addressed.

---

[2]It conspicuously alleges neither "tens of thousands" nor "hundreds of thousands."  Whether the word "thousands" as used in the Complaint actually means much more is left for speculation.

1

**CONCLUSION**

2          For the reasons stated above, Defendants' Motion to Dismiss is granted.

3    Plaintiff is granted leave to file an amended complaint and shall do so, if it all, no

4    later than <u>June 20, 2014.</u>

5

6    DATED:  May 27, 2014

7    _____

8    Hon. Roger T. Benitez
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28